MASON and others *v.* ROBERTSON, Collector.

*(Circuit Court, S. D. New York. January 26, 27, 1887.)*

CUSTOMS DUTIES—CHEMICAL COMPOUNDS AND SALTS—REV. ST. § 2499.

The term "chemical compounds and salts," in Schedule A of the tariff act of 1883, does not enumerate bichromate of soda, within the meaning of the statute. Bichromate of soda is a non-enumerated article, and in its similitude to bichromate of potash is provided for under Rev. St. § 2499, and dutiable at three cents per pound.

This action was brought by Mason, Chapin & Co. against William H. Robertson, collector of the port of New York, to recover an alleged excess of duties upon 30 casks of bichromate of soda, imported into the port of New York from Antwerp, by the steamer Westernland, on March 3, 1885. The collector assessed the duty thereon at three cents per pound, under the provision for bichromate of potash contained in Schedule A of the tariff act of March 3, 1883, (22 St. at Large, c. 121, p. 493,) and under section 2499, Rev. St., as follows:

Schedule A, 22 St. at Large, 493. Bichromate of potash, three cents per pound.

Sec. 2499. There shall be levied, collected, and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this title as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned, etc.

The plaintiffs protested as follows:

"NEW YORK, March 31, 1885.

"We protest against your decision as to the rate and amount of duties to be paid on the bichromate of soda entered by us for consumption, March 3, 1885, per Westernland, 26,214, from Antwerp, because it is a chemical compound and salt, not specially enumerated or provided for, dutiable at 25 per cent. as such, under tariff Schedule A. We pay the excess exacted under compulsion, solely to get the goods. MASON, CHAPIN & Co.

"By HARTLEY & COLEMAN, Attys.

*"To the Collector of Customs, New York City."*

The clause of the tariff act in Schedule A, under which the plaintiffs protested, reads:

"All preparations known as essential oils, expressed oils, distilled oils, rendered oils, alkalies, alkaloids, and all combinations of any of the foregoing, and all chemical compounds and salts, by whatever name known, and not specially enumerated or provided for in this act, twenty-five per centum *ad valorem.*"

Upon the trial, these facts were established by evidence:

(1) That bichromate of soda, as a commercial commodity, was not known in this country prior to or at the time of the passage of the tariff act of March 3, 1883. (2) That since March 3, 1883, it has been introduced and imported as a substitute for bichromate of potash, and it bears a substantial similitude to bichromate of potash in the uses to which it is applied. (3) That both are mordants, used in the manufacture of colors, for dying, for oxidizing purposes, in galvanic batteries, and in the formation of artificial alizarine. (4) That both are chemical compounds and salts. Chromic acid is the useful and effective ingredient in the uses to which they are applied. Soda is the base of bichromate of soda, and potash the base of bichromate of potash, but the soda and the potash are the mere vehicles for carrying and making the chromic acid available as an article of commerce, for the uses to which it is applied. Both articles are used interchangeably, and for the same purposes, with generally the same results.

At the close of the trial, the defendant moved for a direction for a verdict in favor of the defendant.

*Stephen A. Walker,* U. S. Dist. Atty., and *Henry C. Platt,* Asst. U. S. Dist. Atty., for defendant, quoted *Stuart* v. *Maxwell,* 16 How. 150; *Arthur* v. *Fox,* 108 U. S. 125; S. C. 2 Sup. Ct. Rep. 371; *Cohen* v. *Phelps,* 2 Sawy. 531; *Cummins* v. *Robertson,* 27 Fed. Rep. 654; *Biddle* v. *Hartranft,* 29 Fed. Rep. 90.

*Hartley & Coleman,* for plaintiffs, quoted *U. S.* v. *U. S. Tel. Co.,* 2 Ben. 362; *U. S.* v. *Clarke,* 5 Mason, 30; *Arthur* v. *Sussfield,* 96 U. S. 128; *Smith* v. *Field,* 105 U. S. 53.

SHIPMAN, J. The only question in this case is whether bichromate of soda is an enumerated article. The only enumeration is that stated in the statute as a "chemical compound and salt." A chemical compound enumerates nothing, any more than the general term "manufacture." A chemical salt is, speaking generally, and not with scientific precision, the combination of an acid and a base. A base is the union of a metal and oxygen. It is a most general term. I cannot think that, within the meaning of the statute, the term "chemical compound and salt" enumerates the article of bichromate of soda. There is no question in my mind, from the testimony, that bichromate of soda has a similitude, in the uses to which it is applied, to bichromate of potash. It is not perhaps as valuable or beneficial in the manufacture of chrome yellow as the bichromate of potash, but the universal testimony of both plaintiffs' and defendant's witnesses is that the general uses to which the two articles are applied are substantially identical. The point of difference is that the plaintiffs' witnesses testify that bichromate of soda cannot be used to much advantage in the production of chrome yellow, and

of some other shades, or perhaps many other shades, of colors, giving to the testimony as much latitude as it will bear. But the general purposes for which it is used, the witnesses, starting with the testimony of Prof. Morton, agree, are substantially the same. In my opinion, there is no question of fact to go to the jury. There is only a question of law.

By direction of the court, the jury rendered a verdict in favor of the defendant.